IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDRE BECKLES, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:12-CV-03377-JEC-WEJ |
| ALDRIDGE CONNORS, LLP, | |
| Defendant. | |

### NON-FINAL REPORT AND RECOMMENDATION

Plaintiff, Andre Beckles, filed this action [1] against defendant, Aldridge Connors, LLC ("AC"), for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. This matter is now before the Court on AC's Motion to Dismiss for Failure to State a Claim [4].

### I.   MOTION TO DISMISS STANDARD

Defendant moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), which permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court directs district courts to employ a two-step analysis when considering a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see also Wilson v. City of Phila., 415 F. App'x 434, 436 (3d Cir. 2011). First, courts must determine "whether a claim

is supported by well-pleaded factual allegations." Wilson, 415 F. App'x at 436; see also Iqbal, 556 U.S. at 679.  Second, courts must "determine whether those well-pleaded factual allegations, which are entitled to an assumption of truth, plausibly give rise to an entitlement of relief." Wilson, 415 F. App'x at 436; see also Iqbal, 556 U.S. at 679.

In conducting the first part of that analysis, courts should accept as true only well-pleaded factual allegations, not legal conclusions. See Iqbal, 556 U.S. at 679. In conducting the second part of the analysis, courts must inquire whether the well-pleaded facts are "'enough to raise a right to relief above the speculative level.'" Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To meet this standard, a complaint must allege facts that "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks omitted).  A claim is plausible when the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard is "not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted).  Additionally, should a complaint plead facts "merely

2

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." Id. at 679 (second alteration in original) (internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## II. BACKGROUND

On or about October 13, 2006, plaintiff purchased property located at 5480 Silver Ridge Drive, Stone Mountain, Georgia 30087. (Compl. ¶ 6.) During the origination of the loan, plaintiff executed a promissory note and security deed with a lender, American Brokers Conduit. (Id.) On or about April 19, 2012, plaintiff received an initial communication letter (dated April 10, 2012) from AC. (Compl. ¶ 7 & Ex. A (copy of letter attached).)[1] After listing the servicer's loan number,

---

[1] Analysis of a Rule 12(b)(6) motion is limited primarily to the face of the complaint and any attachments thereto. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997). "However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes

3

AC's file number, and the property address, that initial communication letter provides as follows:

> **PLEASE BE ADVISED THAT THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
>
> Our firm has been retained to represent American Home Mortgage Servicing, Inc. in connection with the above-referenced loan.
>
> As of the date of this letter, you owe $611,202.06. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call (xxx) xxx-xxxx.
>
> The debt is owed to American Home Mortgage Servicing, Inc., who may not be the current recorded holder of the security deed but is authorized to collect payment on your loan.
>
> Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of this notice, the debt will be assumed valid. If you notify us in writing within the thirty (30) day period that the debt or any portion thereof is disputed, we will obtain verification of the debt and a copy of such verification will be mailed

---

of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Id. at 1269. Under those standards, the Court considers Exhibit A to plaintiff's Complaint, as well as those documents he references in the Complaint which are contained elsewhere in the record.

to you.  Too, upon your written request within the thirty (30) day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

Finally, in the event you have received a discharge in a Chapter 7 bankruptcy case, that discharge may have extinguished any personal liability you may have had for this loan.  In such event, any action taken would be limited to the foreclosure on the above-referenced property **and would not be an attempt to collect the debt personally.** If you are involved in an active bankruptcy case and no relief from the automatic stay has been obtained by your lender, please <u>immediately</u> fax your bankruptcy information to (xxx) xxx-xxx or e-mail such bankruptcy information to [email address at AC].

(Compl. Ex. A.)

Plaintiff alleges that neither this initial communication letter nor "subsequent foreclosure notices" listed the secured creditor.  (Compl. ¶ 8.)  The Complaint does not attach one of those subsequent foreclosure notices, but plaintiff later submitted an April 19, 2012, "Notice of Pending Foreclosure Sale" that he received from AC, which provides in relevant part as follows:

By letter dated April 10, 2012 (the "Initial Communication Letter"), the original borrower(s) referenced above (the "Borrower") was advised our firm had been retained to represent American Home Mortgage Servicing, Inc. in connection with the above referenced loan.

. . .

You are hereby notified the debt evidenced by the loan, including principal, interest and other authorized charges, has been declared, and

5

is now, immediately due and payable in full. The Note executed in connection with the loan allows for the addition of attorneys' fees to the debt in the event of collection by or through an attorney-at-law. Pursuant to O.C.G.A. § 13-1-11, you are hereby afforded ten (10) days from your receipt of this letter to pay in full the debt owed without having to pay reasonable attorney's fees. After this ten (10) day period, all attorneys' fees allowed under applicable Georgia law may be added to the debt.

Enclosed herewith you will find a copy of the Notice of Sale Under Power that was submitted for publication in the legal newspaper in the county where the property is located. The foreclosure sale is scheduled for the first Tuesday of **June, 2012 (June 5, 2012)**, during the legal hours of sale at the **DEKALB** County Courthouse.

. . . .

(Pl.'s Resp. Ex. B [6-2].) Printed at the bottom of each page of that letter is the following statement:

**PLEASE BE ADVISED THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

(Id.)

Plaintiff sent a verification of debt letter to defendant on July 26, 2012, requesting proof that the entity named in the initial communication letter–American Home Mortgage Servicing, Inc. ("AHMSI")–held a valid security interest. (Compl.

¶ 9.) In a letter dated September 11, 2012, AC responded to that verification of debt letter in relevant part as follows:

> **PLEASE BE ADVISED THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
>
> . . .
>
> This letter serves as a verification of the debt owed by your client Andre Beckles to U.S. Bank National Association, as Trustee for MASTR Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 ("U.S. Bank"). Homeward Residential, Inc. ("Homeward") is authorized to collect payment on this loan. Please find enclosed copies of the endorsed Note and Security Deed associated with this loan. These documents provide you with the name and address of the original lender. Also enclosed is a copy of the recorded Assignment of Security Deed to U.S. Bank.

(Def.'s Reply Ex. II [7-2] 1-2.)[2]

Plaintiff alleges that the documents provided by defendant did not prove that AHMSI held a valid debt. (Compl. ¶ 10.) Plaintiff further alleges that he requested

---

[2] The record includes the documents mentioned in that letter. (See promissory note ([7-2] 3-8) and security deed (id. at 9-22).) Mortgage Electronic Registration Systems, Inc. ("MERS") is the grantee under the security deed and acts solely as a nominee for the lender and its successors and assigns. (Id.) According to the "Assignment of Security Deed" (id. at 34-35), on November 3, 2008, MERS, as nominee for American Brokers Conduit, assigned the security deed to U.S. Bank National Association, as Trustee for the Holders of Master Adjustable Rate Mortgages Trust 2007-1, which recorded it in November 2008. (Id.)

defendant cease all collection activity, as AC's response to his verification of debt letter was false, deceptive, and/or misleading. (Id. ¶ 12.)

On September 27, 2012, plaintiff filed this action against AC under the FDCPA. Mr. Beckles asserts that he is a "consumer" as that term is defined in the statute (Compl. ¶ 3), that AC sought to collect from him a debt that was incurred for personal, family or household purposes (id.), that AC is engaged in the business of collecting debts owed to others incurred for personal, family or household purposes (id. ¶ 4), and that AC is a "debt collector" as defined in the statute. (Id. ¶¶ 5, 14.)

In Count One, plaintiff alleges that AC violated the FDCPA (i.e., 15 U.S.C. § 1692e) by falsely stating that AHMSI was the creditor in its communications letters and notice of power of sale (see Compl. ¶¶ 15-16), that AC used false, deceptive or misleading representation or means in connection with the collection of a debt (id. ¶ 17), and that AC is liable to him for actual and statutory damages and costs (id. ¶ 18). Plaintiff also seeks an award of expenses of litigation, including attorney's fees, under O.C.G.A. § 13-6-11. (Id. ¶¶ 19-21.)

## III. ANALYSIS

In a FDCPA claim, a plaintiff must show that "(1) [he] [has] been the object of collection activity arising from a consumer debt; (2) the defendant attempting to

8

collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (second alteration in original).

AC does not dispute that plaintiff has been the object of collection activity arising from a consumer debt. Instead, AC contends that its Motion to Dismiss should be granted because (1) it is not a debt collector, and thus not subject to the FDCPA; (2) if it is a debt collector, then it did not engage in a prohibited act because its communications did not violate the FDCPA; and (3) plaintiff's failure to make payments on his loan defeats all claims alleged in the Complaint. The Court considers each contention in turn below.

### A.   Is AC a Debt Collector?

Defendant argues that a law firm which informs a debtor that his loan is in default is not a debt collector. (See Def.'s Mem. [4-1] 8.) If that were all that AC did, then that argument might have some appeal. Instead, the record shows that AC actively took steps to collect a debt. See supra Part II. Given Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012), subsequent lower court opinions, see, e.g., Mills v. JP Morgan Chase Bank, N.A., 1:11-CV-3709-JEC-LTW,

9

2012 WL 4086508, at *9 (N.D. Ga. July 23, 2012) (FDCPA claim against Barrrett Daffin law firm), and Knowles v. American Home Mortgage Servicing, Inc., No. 5:11-cv-01670-AKK, 2012 WL 2357752, at *3 (N.D. Ala. June 18, 2012) (FDCPA claim against Jauregui & Lindsey law firm), law firms may be debt collectors and face potential liability for violations of the FDCPA.[3]

---

[3] Defendant argues in its Reply Brief that it is not a debt collector because the notice provided to plaintiff advised: "**THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT**." (Def.'s Reply Br. [7] 4-6, citing Compl. Ex. A and Reese, 678 F.3d at 1211(emphasis added).) Courts generally do not consider arguments raised for the first time in a reply brief. See Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1352 n.11 (11th Cir. 2009). In any event, the Court rejects the argument because it misreads Reese. In that case, the defendant law firm sent the homeowner a cover letter with language similar to that AC used here. See Reese, 678 F.3d at 1214 ("THIS LAW FIRM MAY BE ATTEMPTING TO COLLECT A DEBT"). That cover letter had three attachments, one of which advised, "THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT," while another advised, "THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR." Id. at 1215. AC argues that, because Reese relied on the two letters affirmatively stating that the law firm "is" attempting to collect a debt, and not on the letter which stated that the law firm "may" be attempting to collect a debt, the similar letter that it sent here was not an attempt to collect a debt. Contrary to defendant's argument, the Circuit relied on both the cover letter and its attachments in finding that the law firm was attempting to collect a debt. Id. at 1217. Moreover, AC's use of the word "may" cannot counter the more definite statements in the body of its letter, which provide that a debt is owed. (See Compl. Ex. A.) Finally, the last paragraph of AC's letter explains that, if the debtor had received a Chapter 7 bankruptcy discharge, then only a foreclosure would occur and there would be no attempt to collect the debt personally. (Id.) The implication is that, if there had been no Chapter 7 discharge, then there will be an attempt to collect the debt personally.

10

Nevertheless, the Complaint must allege facts which show that a law firm is a debt collector. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).[4] In other words, the Complaint must allege either that the defendant law firm (1) uses an instrumentality of interstate commerce or the mails in operating a business that has the principal purpose of collecting debts or (2) regularly attempts to collect debts. Reese, 678 F.3d at 1218.

Although plaintiff twice alleges that AC is a debt collector (see Compl. ¶¶ 5, 14), that is a legal conclusion which the Court cannot consider. See Iqbal, 556 U.S. at 679. The issue then is whether plaintiff's additional allegations that AC used the mails (see Compl. ¶ 7), and that it "is, *inter alia,* engaged in the business of collecting debts" (id. ¶ 4), "contain enough factual content to allow a reasonable inference that [AC] is a 'debt collector.'" Reese, 678 F.3d at 1218.

---

[4] A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

11

Simply alleging that the defendant used the mails and that it is "engaged in the business of collecting debts" does not satisfy the first prong of the statute, which requires use "of the mails in operating a business that has the principal purpose of collecting debts." 15 U.S.C. § 1692a(6) The Complaint contains no allegation about the "principal purpose" of AC's business, and it would be unreasonable for the Court to infer that AC operates a business whose principal purpose is collecting debts on the basis of the one collection effort alleged here. Cf. Scott v. Jones, 964 F.2d 314, 316 (4th Cir. 1992) (affirming district court's conclusion that the "principal purpose" of law firm's business was the collection of debts where about eighty percent of its fees came from such activity).

As for the second prong of the statutory definition, there is no allegation that AC "regularly collects or attempts to collect, directly or indirectly, debts." 15 U.S.C. § 1692a(6). The only instance of debt collection alleged in the Complaint is the one targeting Mr. Beckles. The Eleventh Circuit in Reese found allegations that the defendant law firm was "'engaged in the business of collecting debts,'" and that in the previous year, the "firm had sent to more than 500 people 'dunning notice[s]' containing 'the same or substantially similar language' to that found in the letter and documents attached to the complaint in this case," sufficient to show that it regularly

12

collected debts. See Reese, 678 F.3d at 1218 (bracket in original). Although the instant Complaint, like the one in Reese, alleges that the law firm is engaged in the business of collecting debts, it does not make any additional allegations showing regular debt collection by AC.[5] Thus, the second prong of the statutory definition is also not met.

To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557). In sum, there are no allegations in the Complaint from which the Court can draw a reasonable inference that AC is engaged in a business

---

[5] Plaintiff asserts in his brief that AC "is a Georgia law firm who regularly conducts foreclosures on behalf of lenders and to collect unpaid debts on behalf of those same lenders and other creditor clients." (Pl.'s Resp. [6] 5.) However, the Court cannot consider that assertion because its review is limited to the allegations of the Complaint and the unchallenged exhibits. See Woodard v. Town of Oakman, No. 6:11-cv-00494-LSC, 2012 WL 3150090, at *16 (N.D. Ala. July 27, 2012) ("There is no law in this Circuit that a plaintiff may prevent dismissal for failure to state a claim by adding additional facts in his/her briefs . . . .").

where the principal purpose is the collection of debts or that it regularly collects debts. Therefore, plaintiff has failed to state a claim under the FDCPA because it has not alleged facts establishing that AC is a debt collector.

Probably because defendant's Motion to Dismiss did not focus on this particular deficiency in plaintiff's pleading, he did not request leave to amend. "A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002). Nevertheless, given the contention in plaintiff's Brief (see supra note 5) and the significant number of times that AC has appeared on the docket of this Court as a defendant in foreclosure cases, plaintiff should be given the opportunity to amend to correct this deficiency. Therefore, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss be **GRANTED,** that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

In the event that the District Court does not accept the above recommendation, and finds that plaintiff sufficiently alleged that AC is a debt collector, then the undersigned addresses the other arguments that defendant makes in support of its Motion to Dismiss.

14

### B.     Did AC's Communication With Plaintiff Violate the FDCPA?

Plaintiff alleges that AC violated 15 U.S.C. § 1692e, which "prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt," when it stated that AHMSI was his creditor in its communication letters and notice of power of sale. (Compl. ¶¶ 15-16.)[6] AC responds that its initial communication did not violate the FDCPA because it simply informed Mr. Beckles of his default and did not demand payment of a debt. (Def.'s Mem. 6.) As discussed supra, the initial communication letter did more than advise Mr. Beckles of his default; moreover, that initial communication and AC's subsequent letters (referenced above) show that defendant demanded payment of a debt.

AC further responds that the FDCPA does not require it to disclose the name of the secured creditor in notices to a debtor. (Def.'s Reply Br. 7, citing 15 U.S.C.

---

[6] Plaintiff also asserts that defendant violated 15 U.S.C. § 1692g when it failed to respond to a debt validation letter and did not cease collection, and that it violated 15 U.S.C. § 1692f(6) when it threatened to take an action on behalf of the servicer that legally could not be taken. (Pl.'s Resp. 10.) These claims are asserted only in a brief. As stated earlier, the Court cannot consider claims not alleged in the Complaint. (See supra note 5.)

15

§ 1692g(a).)  For this reason, defendant asserts that its communications were not false or misleading under that statute.  (Id.)

Defendant is correct that the FDCPA does not require it to disclose the name of the "secured creditor."  The FDCPA does not use that term.  Instead, the FDCPA requires a debt collector to disclose the "name of the creditor to whom the debt is owed."  See 15 U.S.C. § 1692g(a).  The FDCPA in turn defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed."  See 15 U.S.C. § 1692a(4).  As stated by the Eleventh Circuit in Bourff v. Rubin Lublin, LLC, 674 F.3d 1238 (11th Cir. 2012) (per curiam), the "identity of the 'creditor' in these notices is a serious matter."  Id. at 1241.

As previously discussed, AC's letter identified AHMSI as the entity to whom a debt was owed. (See Compl. Ex. A.)  That language did not, however, identify AHMSI as the creditor, because as AC acknowledged in its letter, AHMSI "may not be the current recorded holder of the security deed," and was simply "authorized to collect payment on your loan."  (Id.)  Indeed, plaintiff alleges that none of the documents defendant provided shows that AHMSI was held a valid debt. (Compl. ¶ 10.)

16

The Eleventh Circuit has adopted the "least-sophisticated consumer" standard to assess whether a debt collector's communication violates § 1692e. LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-94 (11th Cir. 2010) (per curiam). That standard provides that a communication violates § 1692e if it would mislead "the least sophisticated recipients of a debt collector's letters." Id. at 1194. It presumes that a consumer "possess[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Id. (internal quotation marks omitted). The test also has an objective component that "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." Id. (internal quotation marks omitted).

A least-sophisticated consumer might not understand the nuance of AC's letter and be mislead about the identity of his creditor. Accepting plaintiff's allegations as true and construing them in the light most favorable to him, the undersigned **REPORTS** that AC's statement in its letter of April 10, 2012 (Compl. Ex. A) that plaintiff owed a debt to AHMSI failed to identify the creditor. See Shoup v. McCurdy & Candler, LLC, 465 F. App'x 882, 884 (11th Cir. 2012) (per curiam) (citing Bourff for the proposition that "[t]he allegation that the loan servicer was not a 'creditor' was enough to state a plausible claim for relief under the FDCPA").

17

Therefore, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss the Complaint on this basis should be **DENIED**.[7]

### C.   Did Plaintiff's Failure to Make Payments Bar the FDCPA Claim?

AC argues that this case should be dismissed because plaintiff's failure to make loan payments bars his claims. However, the cases that AC cites to support that argument are generally wrongful foreclosure actions. (See Def.'s Mem. 9-10.) None of those cases hold that a plaintiff's failure to make loan payments bars a FDCPA claim. Thus, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss on this basis should be **DENIED**.

---

[7] The parties argue over whether Georgia's non-judicial foreclosure statute, O.C.G.A. § 44-14-162.2(a), as interpreted by Reese v. Provident Funding Associates, LLP, 730 S.E.2d 551 (Ga. Ct. App. 2012) ("Reese II"), required AC to disclose the identity of the secured creditor. Plaintiff asserts that defendant's failure to do so in its initial communication letter violated 15 U.S.C. § 1692e. (Pl.'s Resp. 7.) AC argues that plaintiff's assertion is meritless because Reese II is unsettled law, the letter and notices here were sent before Reese II, and that Reese II should not apply retroactively. (Def.'s Reply 7.) Because there is a dispute in this District over this issue (compare LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *3-6 (N.D. Ga. Jan. 18, 2011) (Story, J.), with Stubbs v. Bank of Am., 844 F. Supp. 2d 1267, 1273 (N.D. Ga. 2012) (Totenberg, J.)), Chief Judge Julie E. Carnes certified questions to the Georgia Supreme Court. See Chae Yi You v. JPMorgan Chase Bank, N.A., No. 1:12-CV-2-2-JEC-AJB, 2012 WL 3904363 at *4-9 (N.D. Ga. Sept. 7, 2012). The undersigned need not delve into this dispute because it arises out of cases where plaintiffs alleged state law wrongful foreclosure claims, not FDCPA claims.

## IV.    CONCLUSION

For the reasons explained above, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss [4] be **GRANTED**, as plaintiff failed plausibly to allege that AC was a debt collector as that term is defined under the FDCPA.  Any dismissal should be **WITHOUT PREJUDICE**.

In the event the District Court disagrees with the above recommendation and finds that plaintiff has sufficiently alleged that AC is a debt collector, then the undersigned **RECOMMENDS** that defendant's Motion to Dismiss be **DENIED** because (1) plaintiff plausibly alleged that AC violated 15 U.S.C. § 1692e by failing to disclose the identify of the creditor, and (2) plaintiff's failure to make payments on his loan has no impact on defendant's potential liability for violating the FDCPA.

**SO RECOMMENDED**, this 27th day of February, 2013.

_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE